UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEAN JOYCE LEJEUNE** | **CASE NO. 2:23-CV-01364** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN INTER-FIDELITY EXCHANGE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is "Plaintiffs First Motion in Limine" (Doc. 41), wherein Plaintiff, through counsel, moves to exclude the testimony, opinions, and report of Defendant American Inter-Fidelity Exchange's ("American") expert, Richard V. Baratta.

## BACKGROUND

On November 6, 2022, Plaintiff, Jean Joyce Lejeune, was the driver of a 2021 Toyota Camry, traveling west on I-10. Plaintiff alleges that as she was traveling, an 18-wheeler-truck switched lanes and crashed into her vehicle. The parties dispute, which vehicle deviated from their respective lane. Defendant, Moses Nganga Rugu, was the driver of the 18-wheeler, Rivatex Transport, Inc. owned the truck and American was the insurer.

## LAW AND ANALYSIS

Defendant American has hired Richard V. Baratta and intends to qualify and tender him as an expert in biomedical and/or biomechanical engineering to present testimony at the trial of this matter. Plaintiff asserts that Baratta's opinion is "bought and paid for" and challenges the methodology of Baratta's opinion. Additionally, Plaintiff argues that

Baratta is not qualified to render biomechanical or biomedical opinions, and his opinions are not based upon sufficient facts or data.

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24,

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

Here, Plaintiff initially claimed injuries at the scene, went to the emergency room, and was released that same night. Plaintiff sought treatment eleven (11) days later and is seeking over $1.8 million in future medical expenses. Defendant challenges the nature and extent of Plaintiff's alleged injuries. Defendant has retained Baratta to address what forces and mechanisms might have been at play, or were non-existent, with respect to the incident. Plaintiff argues that Baratta is not qualified because of his methodologies that formed his opinions. Plaintiff does not appear to challenge Baratta as an expert biochemical engineer.

First, Plaintiff challenges Baratta's review of the photographs, and argues that Baratta is not an expert in interpretation of photographs. This argument is nonsensical to the Court. Experts commonly review photographs to form opinions. Plaintiff also complains that Baratta relied on a Uniform Vehicle Traffic Crash Report, Autostats data, Plaintiff's deposition relative medical summary, but does not appear to challenge the use of this information. Plaintiff complains that Baratta did not rely on the estimate of the actual body-shop mechanic but relied on another repair estimate and challenges whether the author of that estimate was qualified.

Plaintiff specifically challenges Baratta's opinions because he did not rely on statements made by Trooper Matthew Gaspard in his deposition, or statements made by Defendant, Rugu. Also, Plaintiff challenges Baratta's methodology because he did not

inspect the accident scene, take measurements, determine the applicable "G-forces" involved in the accident, take any "delta-v" presented, render mathematical computations, measure crush damage, render or account for any methodology supporting his opinion, personally inspect the subject vehicles, determine Plaintiff's actual levels, determine the angular approach of the alleged tortfeasor's vehicle, weigh the vehicles involved, determine the speed or impact speed, conduct any tests to determine reliability, determine crush profiles, conduct or perform methodology to the facts, outline any of the principles of engineering to the facts, indicate that his opinions have been subject to peer review, and/or indicate whether his "methodology" is capable of being repeated.

Defendant remarks that Baratta's report indicates that he relied and considered the Uniform Crash report, body camera footage, relevant statements made to the investigating officer, Plaintiff's and the Officer's depositions, damage photographs, an inspection of Plaintiff's vehicle, statistical data of Plaintiff's vehicle, an EDR report for Plaintiff's vehicle, the Vehicle Control History report for Plaintiff's vehicle, evaluation of that data through sophisticated and industry accepted crash analysis programs, and Plaintiff's medical records.

Applying the principles of crash analysis to the facts of this case, and basing his opinion on industry approved, peer-reviewed, and testable methods, Defendant argues that a review of the relevant and accurate data will assist the trier of fact. The Court has reviewed Baratta's report and considered Plaintiff's complaints and finds that they are unfounded, lack specificity and authoritative support, and some are falsely presented to the Court. Additionally, Plaintiff's complaint tends to bear on the weight of Baratta's opinion

Page **4** of **5**

rather than its admissibility. Furthermore, Plaintiff will be able to cross-examine Baratta as to his opinions and how he arrived at them at the trial of this matter. Accordingly,

**IT IS ORDERED** that Plaintiffs First Motion in Limine (Doc. 41) to exclude the opinion, report and testimony of Dr. Richard Baratta is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 29th day of January, 2025.

_____
**JAME D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**