UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEAN JOYCE LEJEUNE** | **CASE NO. 2:23-CV-01364** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN INTER-FIDELITY EXCHANGE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Limit the Testimony of the Investigating Officer and to Exclude Traffic Citations" (Doc. 46) filed by Defendants, Moses Rugu, Rivatex Transport, Inc., and American Inter-Fidelity Exchange (collectively referred to as "Defendants").

## BACKGROUND

On November 6, 2022, Plaintiff, Jean Joyce Lejeune, was the driver of a 2021 Toyota Camry, traveling west on I-10. Plaintiff alleges that as she was traveling, an 18-wheeler-truck switched lanes and crashed into her vehicle. The parties dispute, which vehicle deviated from their respective lanes. Defendant, Moses Nganga Rugu, was the driver of the 18-wheeler. Rivatex Transport, Inc. owned the truck and American was the insurer.

## **LAW AND ANALYSIS**

*Investigating officer*

Defendants remark that they anticipate that Plaintiff will attempt to offer evidence from the investigating officer, Matthew Gaspard, regarding his personal opinions as to the cause of the accident in question, the party at fault, and the traffic citations issued to the driver, Moses Rugu.

Defendants assert that Trooper Gaspard investigated the incident in this matter, but did not personally witness it. Additionally, he has not been designated as an expert and has not been disclosed as a non-retained expert. Defendants argue that any testimony by Trooper Gaspard should be limited to the facts he observed, or any admissions made to him by either party. The Court agrees with Defendants that Trooper Gaspard's testimony will be limited to his own personal observations, and/or any admissions made to him by either party.

*Citations issued*

Defendants move to exclude any testimony regarding the citations Trooper Gaspard issued to Rugu on the day of the accident. Defendants argue that the citations are not admissible. Rugu was issued a citation for an expired license plate and improper class on his driver's license or invalid commercial driver's license ("CDL"). Defendants complain that there is no evidence as to why the CDL was cancelled and notes that the charge on improper class was "*nolle prosse* outright."[1] Defendants inform the Court that there was

---
[1] Defendant's exhibit 2, p 2.

no guilty plea as to the expired CDL and Rugu paid the court costs for the expired license plate, which bears no relation to Plaintiff's claims of Rugu's alleged negligent driving.

Plaintiff argues otherwise and informs the Court that the citation for not having a valid CDL was "*nolle prosse*" because Rugu corrected the deficiency after a bench warrant was issued. Plaintiff also complains that Rugu has refused to participate in discovery or depositions. As to the citation for having an expired motor vehicle license plate, Plaintiff contends that it is admissible because Rugu plead guilty. Plaintiff argues that she has stated a claim against Rivatex for negligence in the maintenance and operation of its company, including its truck, but RivaTex has refused to produce any documents requested in discovery. Plaintiff suggests that the fact that RivaTex operated its truck illegally is admissible and relevant.

Defendant has provided the official minutes to the hearing in Civil Action No. 1175-cr-2023 wherein Rugu pleaded guilty to the charge of operating a vehicle with an expired license plate and paid the court costs associated with the citation. The Court finds that this citation is irrelevant as to who actually crossed over into the other's lane. Because it is irrelevant to the disputed facts, any mention or evidence of this citation will be excluded.

As for the improper class on the driver's license, there is no indication that Rugu plead guilty and therefore, it is likewise inadmissible. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Limit the Testimony of the Investigating Officer and to Exclude Traffic Citations (Doc. 46) is **GRANTED**, and both citations will be excluded from the trial of this matter. Additionally, Trooper Gaspard's

testimony will be limited to his own personal observations, and/or any admissions made to him by either party.

**THUS DONE AND SIGNED** in Chambers on this 31st day of January, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**