UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEAN JOYCE LEJEUNE**  :  **CASE NO. 2:23-CV-01364**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**AMERICAN INTER-FIDELITY EXCHANGE ET AL**  :  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Second Motion in Limine Regarding Multiple Topics" (Doc. 51).

## BACKGROUND

On November 6, 2022, Plaintiff, Jean Joyce Lejeune, was the driver of a 2021 Toyota Camry, traveling west on I-10. Plaintiff alleges that as she was traveling, an 18-wheeler-truck switched lanes and crashed into her vehicle. The parties dispute, which vehicle deviated from their respective lane. Defendant, Moses Nganga Rugu, was the driver of the 18-wheeler, Rivatex Transport, Inc. owned the truck and American was the insurer.

## LAW AND ANALYSIS

Plaintiff moves to exclude the following, by testimony or otherwise;

- Other claims or accidents,
- Improper comparison arguments,
- Discounted medical bills or collateral source,
- References to any collateral source including Access Health Care ("Access"),
- Undisclosed Documents

- Improper reference to Plaintiff's lawyer referring client to a doctor,

- Arguments that doctors overtreated Plaintiff in bad faith,

- Medical causation opinions based on force of impact estimations,

- Statements that imply collusion between Plaintiff's counsel and Ms. Lejeune's doctors,

- Any discussions that imply fraud,

- References to Plaintiff's counsel from Plaintiff's medical records,

- "Surveillance video,"

- Inflammatory, anti-lawyer, and anti-lawsuit comments,

- Reference to the time or circumstances Plaintiff employed attorneys.

*Other claims or accidents*

Plaintiff argues that her previous personal injury claims are of no probative value citing *Daigle v. Coastal Marine*, 482 So.2d 749 (La.App. 1 Cir. 1985); *Prince v. Conoco, Inc.*, 529 So.2d 39 (La.App. 3 Cir. 1988); *Burgin v. Checker Cab Co.*, 240 So.2d 559 (La.App. 4 Cir. 1970). Plaintiff informs the Court that she is not requesting that her medical history be excluded, only the fact that she filed a prior lawsuit or made a prior claim.

Defendants first note that Plaintiff fails to identify which accidents or injuries she seeks to exclude and thus her request is abstract and overly broad. Defendants argue that prior accidents could be evidence that is relevant to medical causation as to the subject accident and/or whether those accidents caused or aggravated the injuries she is alleging.

The Court agrees with Defendants that evidence of prior injury is admissible to the extent that it bears upon issues in this matter, and as such, it may to relevant to show

Plaintiff's medical condition prior to the accident. *Vaughn v. Hobby Lobby Stores, Inc.*, 2021 U.S.Dist. LEXIS 93615, *21-22 (W.D. La. May 17, 2021) ("The Court finds that evidence of Vaughn's prior accidents, injuries, and medical conditions may be relevant to show her medical condition prior to this accident, as her medical records indicate a history of many of the same issues that she is claiming were caused by this incident, including anxiety, depression, panic attacks, night terrors, among other things.  Furthermore, evidence of her prior accidents, injuries, and medical conditions may become relevant for other purposes, including potentially impeachment depending on her trial testimony.") The Court will deny Plaintiff's request to exclude evidence of prior accidents but will limit that testimony in that defense counsel may not mention or infer that prior lawsuits were filed.

*Improper comparison arguments*

Plaintiff moves to prohibit counsel and expert witnesses from making improper arguments by comparing this case to results in other cases. Plaintiff argues that juries should consider the facts in this case in light of the law, and that allowing such arguments would allow counsel and witnesses to testify to matters not in evidence.

Defendants argues that such a broad exclusion is premature because the Court is not aware of the context and content of such arguments.  Additionally, Defendants contend that the Louisiana Supreme Court has held that when reviewing awards, appellate courts must consider past general damages awards for similar injuries when determining whether there was an abuse of discretion. See *Pete v. Boland Marine & Mfg. Co., LLC*, 379 So.3d 636, (La. 10/20/23), *reh'g denied*, 374 So.3d 135 (La. 12-7-23).

The Court will grant Plaintiff's motion and not allow counsel to make comparison arguments or references to other comparable lawsuits.

*Discounted medical bills or collateral source*

Plaintiff argues that she is entitled to be reimbursed for her full medical bills despite them being discounted by the provider. She moves to exclude any discounted medical bills under the collateral source rule, as well as any evidence that Plaintiff had health insurance and/or that her medical expenses were discounted when paid by her health insurance carrier.

Defendants complain that Plaintiff is seeking to expand and or misapply the collateral source rule. The Court agrees.  As noted by Defendants, application of the collateral source rule depends on whether the injured party paid for the benefits or gave up something to secure the benefits. *Bellard v. American Cent. Inc. Co.*, 980 So.2d 654, 659 (La. 5/22/09). As such, discounts or write-offs that Plaintiff's counsel received from the providers utilized are not subject to the collateral source rule. *Hoffman v. 21st Century Ins. Co.*, 209 So.3d 702, 706 (La. 10/02/15). As such, the Court will grant the Motion to the extent that the collateral source rule applies, otherwise, the Motion will be denied.

*References to any collateral source including Access*

Plaintiff moves to exclude discounts taken between Plaintiff's medical provider and Access under the collateral source rule.  Some of Plaintiff's medical providers entered into a contract with ACCESS to provide billing and payment services, in addition to the discounted rate negotiated between ACCESS and the medical provider, in exchange for prompt payment from ACCESS to the provider. Here, Plaintiff is liable for the full bill to

ACCESS at the provider's regular rate, but the medical provider receives a discounted rate, thus ACCESS receives the difference for its services.

Defendants argues that a Plaintiff may recover the full amount of medical bills charged, but only upon a showing of evidence that the Plaintiff is liable for the full billed medical charges. See *Reed v. United States*, 2023 WL 5938802, at *2 (W.D. La. Sept. 12, 2023). Defendant thus contends that a ruling on this would be premature until such facts are established through admissible evidence. The Court will grant Plaintiff's motion, conditioned on the admission of the medical bills being properly introduced at the trial of this matter.

*Undisclosed evidence*

The Court agrees that with the exception of impeachment evidence, any undisclosed documents will be excluded.

*Improper reference to Plaintiff's lawyer referring client to a doctor*

Plaintiff seeks to exclude evidence that her attorney referred her to a doctor, but concedes that "the relationship between plaintiff's lawyer and a physician are relevant to show bias."[1] Defendants argue that it is premature to rule on this issue, and that it may be addressed after the Court hears the context in which a party is attempting to elicit such information. See *Beane v. Utility Trailer Mfs. Co.*, 2013 U.S.Dist. LEXIS 31937 (W.D. La. Mar. 7, 2013). The Court agrees with Defendants and will deny the motion at this time, and defer it to the trial.

---

[1] Doc. 51, p. 8.

*Arguments that doctors overtreated Plaintiff in bad faith*

Plaintiff suggests that Defendants have not alleged that Plaintiff obtained any medical treatment in bad faith, and therefore move to exclude such evidence. The Court will deny Plaintiff's Motion and defer any ruling should the issue be raised at trial.

*Medical causation opinions based on force of impact estimations*

Plaintiff argues that counsel cannot relate the force of the impact to medical causation, and therefore, any force-of-impact argument to dispute causation must be excluded. Defendants contend that the majority of cases dealing with "force of impact" evidence have held that such evidence may be a relevant factor in determining causation or the extent of injuries—just not the "sole or determinative element".) See *Currie v. Myers*, 750 So.2d 388, 392 (La.App. 2d Cir. 2000) ("This jurisprudence, however, does support consideration of force-of-impact testimony as a relevant factor in determining causation or extent of injuries, although not as the sole or determinative element.") (citing *Harper v. Garcia*, 739 So.2d 996 (La.App 2d Cir. 1999)); see also *Starnes v. Caddo Par. Sch. Bd.*, 598 So.2d 472, 477 (La. Ct. App. 1992) (refusing to use force of impact "as the determining factor in assessing the severity of the plaintiff's injuries").

Here, the Court agrees, that although not the determinative element, the Court should be able to hear expert testimony regarding the force of impact. Accordingly, the Motion will be denied.

*Statements that imply collusion between Plaintiff's counsel and Ms. Lejeune's doctors and any discussion that implies fraud*

Plaintiff maintains that the Court should prohibit any statements or insinuation that her medical treatment was produced from improper collusion between counsel for the Plaintiff and Plaintiff. See *Boutte v. Winn-Dixie Louisiana, Inc.*, 674 So.2d 299 (La. Ct. App. 3d Cir. 1996); *Simon v. State Farm Mut. Auto. Ins. Co.*, 43 So.3d 990, 998 (La. App. 3 Cir. 6/9/10), *writ denied,* 48 So.3d 1094 (La. 10/29/10). Plaintiff argues that this sort of litigation tactic only fans "the flame of the prejudice that now exists against civil litigants and their attorneys." *Francis v. Brown*, 671 So.2d 1041, 1047 (La. App. 3 Cir. 3/20/96).

Defendants inform the Court that Plaintiff's counsel's payment of medical bills is relevant to Plaintiff's claim for reimbursement for medical expenses, and the mere fact that Plaintiff's counsel has provided funding, absent inflammatory argument that such payment is a fraud scheme, is not prejudicial. The Court finds it is premature to address this issue and will deny it and defer any ruling to the merits at trial should it become necessary.

*References to Plaintiff's counsel from Plaintiff's medical records*

Plaintiff moves to redact all references to her counsel from her medical records and argues that such references will taint the jury and is not probative to any fact at issue. Defendants complain that such a redaction is not practical or cost-effective and relies on Louisiana Revised Statute 13:3714(A), which provides that certified medical records (including bills) "shall be received in evidence" without any provision for redaction. The Court agrees with Defendants and will deny Plaintiff's request unless at the trial of this matter, it appears to the Court that Defendants are attempting to prejudice the jury.

*Surveillance video*

It appears that Defendants hired a private investigator to video Plaintiff to contradict or undermine her claims of serious injury. The video was taken while Plaintiff was working at the Golden Nugget. Plaintiff moves to exclude the video and argues that it is not relevant and is speculative. Plaintiff contends that the person identified in the video may not be her.

Defendants argue that the videotapes are relevant because they illustrate and shed light on the facts and describe or depict Plaintiff. See *State v. Burdgess*, 434 So.2d 1062, 1066 (La. 1983). Defendants remark that Plaintiff claims that she has to get assistance at work due to her physical restrictions, yet the video contradicts Plaintiff's claims. As to identification, Defendants point out that at trial, Plaintiff can deny that she is depicted in the video, and the jury can weigh her credibility.

The Court agrees with Defendants and will deny Plaintiff's request to exclude the video.

*Inflammatory, anti-lawyer, and anti-lawsuit comments,*

Plaintiff requests that the Court prohibit all inflammatory, anti-lawyer and anti-lawsuit comments by defense counsel because these types of comments would inflame the prejudices that some hold against victims and the lawyers that represent victims. Defendants remark that it will be entitled to explore potential jury bias as to jurors' attitudes concerning lawyers during *voir dire,* however, without knowing the context or the basis for the comments, a ruling at this juncture would be premature. The Court agrees with Defendant and will deny Plaintiff's request and defer the issue until the trial.

*Reference to the time or circumstances Plaintiff employed attorneys*

Lastly, Plaintiff seeks to exclude evidence about the timing of Plaintiff's retention of lawyers because it might initiate a prejudicial affect on the jury. Defendants propose that the Court rule on this issue, if it comes up at trial after a proper objection. The Court agrees and will deny Plaintiff's request and defer it to the trial.

## **CONCLUSION**

For the reasons explained herein,

**IT IS ORDERED** that the Plaintiff's Second Motion in Limine Regarding Multiple Topics (Doc. 51) is **GRANTED** in part and **DENIED** in part as discussed herein above.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of February, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**